Michael Faillace [MF-8436]
Michael Faillace Esq.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
MIGUEL MIRANDA, *individually and on behalf of others similarly situated,*

              *Plaintiff,*

        -against-

EZ SHOP OF 170TH ST., INC. (d/b/a EZ Shop ),  and Vi Doe,

              *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Miguel Miranda ("Plaintiff Miranda"or "Mr. Miranda"), individually and on behalf of others similarly situated, by and through his attorney, Michael Faillace Esq.., alleges upon information and belief, and as against each of defendants EZ Shop of 170th St., Inc. (d/b/a EZ Shop ) ("Defendant Corporation") and Vi Doe ("Individual Defendant"), (collectively, "Defendants"), as follows:

### NATURE OF ACTION

1. Plaintiff Miranda is a former employee of Defendants EZ Shop of 170th St., Inc. (d/b/a EZ Shop ) and Vi Doe.

2. EZ Shop  is a retail store owned by Vi Doe, located at 122 E. 170th Street, Bronx, New York 10452.

3. Upon information and belief, Defendant Vi Doe serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates the retail store.

4. Plaintiff Miranda is a former employee of Defendants.

5. Plaintiff Miranda was employed as a stocker and general store assistant.

6. At all times relevant to this Complaint, Plaintiff Miranda worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate overtime compensation for the hours over 40 per week that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Miranda the applicable minimum wage, and failed to pay him appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

8. Further, Defendants failed to pay Plaintiff Miranda the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants' conduct extended beyond Plaintiff Miranda to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Miranda and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Miranda now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA") and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL") and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009) (herein the "Spread of Hours Wage Order") including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Miranda seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Miranda's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Miranda was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Pedro Miranda Castillo ("Plaintiff Miranda"or "Mr. Miranda"), is an adult individual residing in Bronx County, New York.

16. Plaintiff Miranda was employed by Defendants from approximately December 22, 2022 until on or about March 31, 2025.

3

17. Plaintiff Miranda consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all times relevant to this complaint, Defendants own, operate, and/or control a retail store located at 122 E. 170th Street, Bronx, New York 10452 under the name "EZ Shop ".

19. Upon information and belief, EZ Shop of 170th St., Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 122 E. 170th Street, Bronx, New York 10452.

20. Defendant Vi Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Vi Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation. Defendant Vi Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation. Defendant Vi Doe determined the wages and compensation of the employees of Defendants, including Plaintiff Miranda , established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21. Defendants operate a retail store located in the Highbridge section of the Bronx in New York City.

4

22. Individual Defendant Vi Doe possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Miranda's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Miranda , and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Miranda , and all similarly situated individuals, and are Plaintiff Miranda (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Miranda and/or similarly situated individuals.

27. Upon information and belief, individual defendant Vi Doe operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

  (b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

  (c) transferring assets and debts freely as between all Defendants;

  (d) operating Defendant Corporation for his own benefit as the sole or majority shareholder;

  (e) operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

  (f) intermingling assets and debts of his own with Defendant Corporation;

  (g) diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

  (h) other actions evincing a failure to adhere to the corporate form.

28.  At all relevant times, Defendants were Plaintiff Miranda's employers within the meaning of the FLSA and NYLL.

29.  Defendants had the power to hire and fire Plaintiff Miranda , controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Miranda's services.

30.  In each year from 2022 to 2025, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.  In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were sold in the

retail store on a daily basis, such as home products, were produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Miranda is a former employee of Defendants, employed in performing the duties of a stocker and store assistant.

33.     Plaintiff Miranda seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Miguel Miranda*

36.     Plaintiff Miranda was employed by Defendants from approximately December 22, 2022 until March 31, 2025.

37.     At all relevant times, Plaintiff Miranda was employed by Defendants as a stocker and store assistant

38.     Plaintiff Miranda regularly handled goods in interstate commerce, such as food and other supplies produced outside of the State of New York.

39.      Plaintiff Miranda's work duties required neither discretion nor independent judgment.

40.     Throughout his employment with Defendants, Plaintiff Miranda regularly worked in excess of 40 hours per week.

41.     From approximately December 22, 2022 until on or about March 31, 2025, Plaintiff Miranda worked from approximately 9:00 a.m. until on or about 8:00 p.m., Mondays through Saturdays (typically 66 hours per week).

42. Throughout his employment with defendants, Plaintiff Miranda was paid his wages in cash.

43. From approximately December 22, 2022 until on or about March 31, 2025, Plaintiff Miranda was paid a fixed salary of $750 per week.

44. Defendants did not provide Plaintiff Miranda with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

45. Plaintiff Miranda was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

46. Defendants never provided Plaintiff Miranda with a written notice, in English and in Spanish (Plaintiff Miranda's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

47. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Miranda regarding overtime and wages under the FLSA and NYLL.

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Miranda (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime, and spread of hours pay as required by federal and state laws.

53. Plaintiff Miranda(and the FLSA Class members) have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New

York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

54. Plaintiff Miranda was paid his wages entirely in cash.

55. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Miranda(and similarly situated individuals) worked, and to avoid paying Plaintiff Miranda properly for his full hours worked.

56. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

57. Defendants' unlawful conduct was intentional, willful, in bad faith, and has caused significant damages to Plaintiff Miranda and other similarly situated current and former workers.

58. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59. Defendants failed to provide Plaintiff Miranda and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or

rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60. Defendants failed to provide Plaintiff Miranda and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61. Plaintiff Miranda brings his FLSA minimum wage, overtime compensation , and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

62. At all relevant times, Plaintiff Miranda and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay of one and one-half times his regular rates for work in excess of

forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Miranda's wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

63. The claims of Plaintiff Miranda stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

64. Plaintiff Miranda repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff Miranda's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Miranda (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

66. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68. Defendants failed to pay Plaintiff Miranda (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69. Defendants' failure to pay Plaintiff Miranda (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70. Plaintiff Miranda (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

71. Plaintiff Miranda repeats and realleges all paragraphs above as though fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Miranda's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Miranda (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

73. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

74. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Miranda (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

76. Defendants' failure to pay Plaintiff Miranda (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77.     Plaintiff Miranda (and the FLSA Class members) has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

78.     Plaintiff Miranda repeats and realleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiff Miranda's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Miranda (and the FLSA Class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

83.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Miranda (and the FLSA Class members) less than the minimum wage.

84.     Defendants' failure to pay Plaintiff Miranda (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Miranda (and the FLSA Class Members) was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK STATE
## LABOR LAW'S OVERTIME PROVISIONS

86.     Plaintiff Miranda repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Miranda (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

88. Defendants failed to pay Plaintiff Miranda (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

89. Defendants' failure to pay Plaintiff Miranda (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Miranda (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

91. Plaintiff Miranda repeats and realleges all paragraphs above as though fully set forth herein.

92. Defendants have failed to pay Plaintiff Mirand aone additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Miranda's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 142-2.4(a) (2009).

93. Defendants' failure to pay Plaintiff Miranda an additional hour's pay for each day Plaintiff Miranda's spread of hours exceeded ten hours has been willful within the meaning of New York Lab. Law § 663.

94. Plaintiff Miranda has been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

92. Plaintiff Miranda repeats and realleges all paragraphs above as though fully set forth herein.

93. Defendants failed to provide Plaintiff Miranda with a written notice, in English and in Spanish (Plaintiff Miranda's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

94. Defendants are liable to Plaintiff Miranda in the amount of $5000, together with costs and attorney's fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

95. Plaintiff Miranda repeats and realleges all paragraphs above as though set forth fully herein.

96. Defendants did not provide Plaintiff Miranda with a statement of wages with each payment of wages, as required by NYLL 195(3).

97. Defendants are liable to Plaintiff Miranda in the amount of $5000, together with

costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Miranda respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff Miranda's in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Miranda and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Miranda and the FLSA class members;

(d) Declaring that Defendants' violation of the provisions of the FLSA are willful as to Plaintiff Miranda and the FLSA class members;

(e) Awarding Plaintiff Miranda and the FLSA class members damages for the amount of unpaid minimum AND overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f) Awarding Plaintiff Miranda and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum AND overtime

wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

  (g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Miranda and the members of the FLSA Class

  (h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Miranda and the members of the FLSA Class;

  (i) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Miranda and the members of the FLSA Class;

  (j) Declaring that Defendants violated the notice and wage statement requirements of the NYLL with respect to Plaintiff Miranda ' , and the FLSA Class members', compensation, hours, wages; and any deductions or credits taken against wages;

  (k) Declaring that Defendants' violations of the New York Labor Law are willful as to Plaintiff Miranda and the FLSA Class members;

  (l) Awarding Plaintiff Miranda and the FLSA class members damages for the amount of unpaid minimum AND overtime wages AND damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

  (m) Awarding Plaintiff Miranda damages for Defendants' violation of the NYLL notice provisions, pursuant to NYLL §§198(1-b), 198(1-d);

  (n) Awarding Plaintiff Miranda and the FLSA class members liquidated damages in

17

an amount equal to one hundred percent (100%) of the minimum wage, spread of hours pay AND overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o) Awarding Plaintiff Miranda and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff Miranda and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 4, 2025

                                 MICHAEL FAILLACE Esq.

By:     /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*